IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW CLAYTON LLOYD,

    Petitioner,

vs.                                                                                        No. CIV 22-0665 JB/KK
                                                                                                 No. CR 07-2238 JB/KK

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Letter-Motion to Reconsider Order of Dismissal for Failure to Comply with an Order (dated March 23, 2023), filed April 3, 2023 (Doc. 6)("Motion to Reconsider"). Lloyd asks the Court to set aside the dismissal of his Letter-Petition Requesting Habeas Relief Under 28 U.S.C. § 2255 (dated September 5, 2023), filed September 9, 2022 (Doc. 1)("Letter-Petition"). See Order of Dismissal, filed March 3, 2023 (Doc. 4)("Dismissal Order"). Having considered the record and applicable law, the Court will grant the Motion to Reconsider and reopen this case.

## BACKGROUND

Lloyd is incarcerated at Lee United States Penitentiary in Jonesville, Virginia, and is proceeding pro se. See Notice of Change of Address, filed May 19, 2023 (Doc. 7); Letter-Petition at 1. He initiated this case on September 9, 2022, by filing the Letter-Petition. See Letter-Petition at 1. In the Letter-Petition, Lloyd appears to assert a second or successive habeas claim under 28 U.S.C. § 2255 claim and United States v. Taylor, 142 S. Ct. 2015 (2022). See Letter-Petition at 1. The Court referred the matter to the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, for

recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed September 14, 2022 (Doc. 2).

By an Order entered February 1, 2023, Magistrate Judge Khalsa directed Lloyd to file his claims on the form 28 U.S.C. § 2255 motion within thirty days. See Order to Cure Deficiencies, filed February 1, 2023 (Doc. 3)("Cure Order"). The details set forth in the form motion are necessary to evaluate whether the successive habeas petition should be dismissed for lack of jurisdiction or, alternatively, if the claim has merit, transferred to the United States Court of Appeals for the Tenth Circuit. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(setting out the options with respect to successive habeas claims). The Clerk's Office mailed Lloyd a blank § 2255 motion. The deadline for Lloyd to return a completed § 2255 motion was March 3, 2023. See Cure Order at 2. Lloyd initially did not comply or show cause for such failure. By an Order and Judgment entered March 13, 2023, the Court dismissed the Letter-Petition without prejudice under rule 41(b) of the Federal Rules of Civil Procedure. See Dismissal Order; Final Judgment, filed March 13, 2023 (Doc. 5)("Judgment").

Lloyd filed the Motion to Reconsider several weeks later, on April 3, 2023. See Motion to Reconsider at 1. Lloyd states that he was sent to the transportation-segregation department at United States Penitentiary Pollack when the Clerk's Office mailed the Cure Order. See Motion to Reconsider at 1. Lloyd further states the mailroom staff did not forward his mail to the transportation-segregation department, and that he never received a copy of the Cure Order or the blank § 2255 motion. See Motion to Reconsider at 1. The Court will consider whether there are grounds to reopen the case, based on this explanation.

**ANALYSIS**

A post-judgment motion filed within twenty-eight days of its entry generally is analyzed under rule 59(e) of the Federal Rules of Civil Procedure.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A district court has considerable discretion in deciding whether to disturb a judgment under rule 59(e).  See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Accepting Lloyd's statements as true, he did not have an opportunity to file a completed § 2255 motion, because he did not receive a copy of the Cure Order.  While the Dismissal Order was entered without prejudice, Lloyd cannot refile a timely § 2255 claim under United States v. Taylor, 142 S. Ct. 2015 (2022).  "Section 2255(f)(3) provides that a § 2255 motion is considered timely if it is filed within one year of a Supreme Court decision that creates a newly recognizable right made retroactively applicable to cases on collateral review."  United States v. Davis, 2023 WL 5607455, at *1 (10th Cir. Aug. 30, 2023)(citing 28 U.S.C. § 2255(f)(3)).  The Supreme Court issued its decision in United States v. Taylor, 142 S. Ct. 2015, on June 21, 2022.  Accordingly, the Court concludes that reopening this case is in the interests of justice and grants the Motion to Reconsider.  The Clerk's Office will mail a blank § 2255 motion to Lloyd at his current address of record.  Lloyd must return the completed § 2255 motion, which pertains to his criminal

convictions in Case No. CR 07-2238 JB/KK, within thirty days of entry of this Order.[1] If Lloyd does not comply timely with this Memorandum Opinion and Order, the Court may re-dismiss this case without further notice.

**IT IS ORDERED** that: (i) the Petitioner's Letter-Motion to Reconsider Order of Dismissal for Failure to Comply with an Order, filed April 3, 2023 (Doc. 6), is granted; (ii) the Clerk's Office shall reopen the above-captioned civil habeas and mail Lloyd a blank § 2255 motion; and (iii) Lloyd shall file a completed § 2255 motion in this case within thirty days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Matthew Clayton Lloyd
Jonesville, Virginia

    *Petitioner pro se*

---

[1] Lloyd has filed already a § 2255 habeas motion challenging his related criminal convictions in No. CR 08-3048 JB/JMR. The Court may consider consolidating the two § 2255 petitions if they survive initial review, but it first will determine how to proceed with respect to jurisdiction and any successive habeas claims.